IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JON ROLAND, | § |
| | § |
|       Plaintiff, | §  CIVIL ACTION NO. |
| v. | § |
| | §  SA-07-CV-0253 OG (NN) |
| SAMUEL J. FOMON, | § |
| and All Other Occupants, | § |
| | § |
|       Defendants. | § |

**MEMORANDUM AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:**   Hon. Orlando Garcia
       United States District Judge

### I. Introduction

    This memorandum and recommendation addresses the motion to remand filed in this case by defendant Foman. I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a Magistrate Judge is statutorily constrained. After considering the motion to remand, I recommend that the District Court grant the motion and remand this case to the Comal County Court at Law.

### II. Procedural Background

    Plaintiff filed this case in County Court at Law, Comal County, Texas on January 25, 2007. While a copy of the state court petition was not included with the removal papers, it

appears that the proceeding involves a probate matter. Defendant filed the motion to remand on April 20, 2007. Plaintiff filed a motion for enlargement of time to file a response to the motion to remand which I have on this date denied.

Defendant requests that this proceeding be remanded back to state court, arguing that the removal statute provides no authority for a plaintiff to remove a pending state court proceeding to federal court. 28 U.S.C. §1443(1). In his request for extension of time to respond to the motion plaintiff argues, inter alia, that because of the adverse rulings of the state judge, he has in effect become a de facto defendant in the proceeding he initiated and therefore removal is authorized.[1]

### III. Analysis

"[R]emoval statutes are to be construed strictly against removal and for remand."[2] Sections 1441(a) and 1446(a) of Title 28, United States Code, clearly state that only defendants

---

[1] Plaintiff's Notice of Removal at page 6 states as follows:

> True it is that Jon Roland's lawsuit as originally filed in Comal County, County Court at Law No. 2, was not removable, because Jon Roland himself raised no federal issues in State Court. All this changed when on February 22, 2007, Judge Charles A. Stephens, 11, summarily deprived Jon Roland first of the right to make and enforce contracts, specifically the right to make and perform his contract with Shelley Thomson to act as her trustee with power of attorney (42 U.S.C. $ 1981(b)), then enjoined Jon Roland from the rights to sue, be a party, give evidence, and to fully and equally benefit from all laws and proceedings for the security of persons and property by ACTING as Power of Attorney and Trustee for Shelley Thomson. On February 22, 2007, then, Judge Charles A. Stephens, 11, at the behest of Samuel J. Fomon and his attorney Don Jemela, summarily struck all of Jon Roland's pleadings and deprived him of his aforementioned rights secured by federal law, namely 42 U.S.C. $1981(a).

[2] *Eastus v. Blue Bell Creameries*, 97 F.3d 100, 106 (5th Cir. 1996).

may remove state court proceedings to federal court.

Plaintiff's attempt to remove is without statutory authority. His motion for extension of time to respond to the motion to remand includes a lengthy recitation of arguments supporting his characterization of the state court litigation as becoming a quasi-criminal proceeding, his status in the case as becoming one of "defendant," and unconstitutional rulings by the state court judge as warranting exercise of jurisdiction by this Court. However, it is unnecessary for the Court to consider further briefing by the parties on these issues when the removal statute so clearly precludes removal of this proceeding by a plaintiff, and the case law so clearly directs strict adherence to the removal statutes and remand of this proceeding.

Defendant also asks for fees and costs pursuant to 28 U.S.C. §1447(c) in the amount of $10,000. The removal statute authorizes imposition of just costs and any actual expenses including attorneys fees incurred as a result of the improper removal. The motion for fees and costs is not supported by an affidavit from which the court could determine the expenses actually incurred. Accordingly I recommend the motion for fees pursuant to 28 U.S.C. §1447(c) be denied.

Lastly, defendant asks for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. I recommend that the request for Rule 11 sanctions also be denied. Under Rule 11, an attorney or unrepresented party has an obligation to sign and file only pleadings that he believes contain allegations and other factual contentions that "have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . . ."[3]  "If, after notice and a reasonable opportunity to respond,

---

[3] FED. R. CIV. P. 11(b).

the court determines that [this requirement] has been violated, the court may . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated [the requirement] or are responsible for the violation."[4]  However, Rule 11(c)(1)(A) sets out particular prerequisites to the filing of the sanctions request, including presentation to the Court of the request by separate motion, and a 21-day notice period to the alleged offending party.  Defendant has not satisfied these prerequisites and accordingly, the motion for Rule 11 sanctions should be denied.

## IV.  Recommendation

For the above reasons, I recommend the motion to remand be granted and the requests for fees, costs and sanctions be denied.

## V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[5]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to

---

[4] FED. R. CIV. P. 11(c).

[5] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[6] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[7]

**SIGNED** on May 10, 2007.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[6]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[7]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).